IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM PITT** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 24-3206 |
| | : | |
| **BOBBI JO SALAMON,** *et al.* | : | |

**McHUGH, J.**                                                                                                             **July 15, 2025**

**MEMORANDUM**

In 2016, Petitioner William Pitt entered a non-negotiated guilty plea to third degree murder and related offenses in Pennsylvania state court arising out of his involvement in a fatal stabbing. Mr. Pitt now submits a petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his counsel was ineffective. Because Mr. Pitt's claims lack merit, I find no basis to justify relief and will dismiss his petition.

**I.      Procedural Background**

On March 8, 2016, Mr. Pitt pleaded guilty to third-degree murder, aggravated assault, and possessing an instrument of crime in the Pennsylvania Court of Common Pleas.[1] State Court Rec. at 63, ECF 13 ("Rec."). At the guilty plea hearing, the Court explained the maximum penalties Pitt could face if he were to proceed to trial, and Pitt stated that he understood. N.T., 04/11/2016 at 14-15.[2]

---

[1] Pitt was represented at trial by Brian McMonagle, Esq.

[2] Specifically, the Honorable Glenn B. Bronson explained that Pitt could face: 40 years' incarceration and a fine of $50,000 for third-degree murder; 10 years' incarceration and a $25,000 fine for aggravated assault; and five years' incarceration and a $10,000 fine for possessing an instrument of crime. N.T., 04/11/2016 at 5.

Mr. Pitt was sentenced to an aggregate term of 20-40 years' incarceration. N.T., 06/16/2016 at 36-37. The court also ordered that mandatory costs be added to the sentence, as well as $10,000 in restitution for the costs of the decedent-victim's funeral. *Id.* at 37-38. Pitt's counsel did not object to the order for mandatory costs or restitution so long as the decedent's family could provide documentation regarding the cost of the funeral. *Id*.

Four days after he was sentenced, Pitt filed a motion for reconsideration arguing that his sentence was excessive. Rec. at 76-78. The trial court denied this motion. *Id.* at 81. Pitt then filed a direct appeal challenging his sentence, and the Pennsylvania Superior Court affirmed his judgment of sentence.[3] *Id.* at 83; *Commonwealth v. Pitt*, No. 3354 EDA 2016, 2018 WL 1280713, at *2 (Pa. Super. Mar. 13, 2018). Pitt did not seek allocatur from the Pennsylvania Supreme Court.

On September 25, 2018, Mr. Pitt filed a timely petition under the Post-Conviction Relief Act, 42 Pa. C.S. §§ 9541-9546 ("PCRA"); Rec. at 112-120. The PCRA Court appointed Coley Reynolds, Esq. as counsel, who subsequently filed a no-merit letter pursuant to *Commonwealth v. Finley* and a motion to withdraw. 550 A.2d 313 (Pa. Super. 1988); Rec. at 135, 138-39, 140-154. The PCRA Court issued its Notice of Intent to Dismiss Pitt's petition, to which Pitt responded raising four new claims. *Id.* at 169, 193-205 ("907 Response"). In March 2020, after reviewing Pitt's 907 Response at the Court's order, Mr. Reynolds filed an amendment to Pitt's PCRA petition, limiting his argument to Pitt's new claim that his counsel was ineffective for failing to advise him that his pleaded sentence included $10,000 in mandatory restitution. *Id.* at 241-248. Pitt then filed a *pro se* amendment in July 2020, reasserting all four claims included in his 907 Response. *Id.* at 255-269; *Commonwealth v. Pitt.*, No. 517 EDA 2021, 2022 WL 4392746, at *2

---

[3] Pitt was represented by court-appointed counsel David Rudenstein, Esq. for his direct appeal.

(Pa. Super. Sept. 23, 2022). Following an evidentiary hearing in February 2021 on whether Pitt's counsel adequately informed him of the restitution payment in his plea, the PCRA court vacated the restitution order for lack of sufficient proof as to the amount of restitution, and rejected Pitt's remaining claims, including his ineffective assistance claim and his request for a new trial. *Id.* at 293.

Mr. Pitt appealed the PCRA court's order to the Pennsylvania Superior Court and raised two issues. *Id.* at 294. First, Pitt argued that his counsel on direct appeal was ineffective for failing to raise a claim that his plea was not knowing, intelligent, and voluntary where he was not informed that he was subject to mandatory restitution as a part of his plea. *Pitt*, 2022 WL 4392746, at *2. Second, he argued that the PCRA court erred by refusing to appoint him new counsel after he alleged in his 907 Response that his PCRA counsel was ineffective. *Id*. The Superior Court vacated the PCRA court's denial of relief, remanding to the PCRA court to appoint substitute counsel to review Pitt's allegations of PCRA counsel's ineffectiveness, to file supplemental briefing, and to represent Pitt for the duration of PCRA proceedings.[4] *Id.* at *3. Pitt's substitute counsel, George S. Yacoubian Jr., Esq., reviewed Pitt's claims and issued a letter concluding that no issues warranted relief and that Pitt's prior counsel was not ineffective. Rec. at 386-392. The PCRA court entered an order denying Pitt's petition on January 26, 2023. *Id.* at 395.

Mr. Pitt filed an appeal and requested to represent himself. *Id.* at 397, 399, 432-433. Following remand to the PCRA Court for a *Grazier* hearing, Pitt was permitted to proceed *pro se*. *See generally*, *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998); Rec. at 431, 437. On appeal

---

[4] The Superior Court did not address whether counsel was ineffective for failing to ensure that Pitt was aware of the $10,000 restitution payment in his plea agreement.

3

Pitt raised two issues: 1) whether his direct appeal counsel was ineffective for failing to challenge his plea because Pitt was purportedly unaware of the mandatory restitution, and 2) whether the PCRA court erred in finding that Pitt's trial, direct appeal, and PCRA counsel were not ineffective for failing to raise a claim that Pennsylvania's third-degree murder statute was unconstitutionally vague. Rec. at 441-442; *Commonwealth v. Pitt*, 313 A.3d 287, 293 (Pa. Super. 2024). The Pennsylvania Superior Court determined that neither claim warranted relief. *Pitt*, 313 A.3d at 298. Pitt did not seek allocatur from the Pennsylvania Supreme Court.

On July 15, 2024, Pitt, proceeding *pro se*, timely filed a petition for writ of habeas corpus pursuant to 28. U.S.C. § 2254 with this Court raising the same two claims that the Superior Court had previously rejected:

1) That his direct appeal counsel was ineffective for failing to raise an invalid plea claim where Pitt was never informed of mandatory restitution; and

2) That his trial counsel and direct appeal counsel were ineffective for failing to raise that the Pennsylvania statute for third-degree murder, 18 Pa.C.S. § 2502(c), is void for vagueness and that he should not have pleaded guilty to that offense.

Habeas Pet. at 5, 7, ECF 1.

**II.    Standard of Review**

When a claim has been adjudicated on the merits in state court, habeas relief is foreclosed unless the decision was "contrary to or involved an unreasonable application of, clearly established Federal law" as set out by the United States Supreme Court, or "based on an unreasonable determination of the facts in light of the evidence" before state court. 28 U.S.C. § 2254(d). Federal courts must defer to a state court's credibility determinations unless they are shown to rest on

4

factual premises that are "unreasonable" or "incorrect by clear and convincing evidence." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); 28 U.S.C. § 2254(e)(1).

To establish that counsel was ineffective, a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness and that (2) the deficient performance prejudiced the defense, meaning that but-for counsel's unprofessional errors, there is reasonable probability of a different outcome. *Strickland v. Washington*, 466 U.S. 668, 688-694 (1984). Counsel cannot be deemed ineffective for failing to raise a meritless claim. *Werts v. Vaughn*, 228 F.3d 178, 203 (3d. Cir. 2000).

### III.  Discussion

**A. The Pennsylvania Superior Court Reasonably Rejected Count I.**

In Count I of his petition, Mr. Pitt claims that his direct appeal counsel was ineffective for failing to raise an involuntary plea claim where Pitt was not informed of the $10,000 mandatory restitution in his case until he was sentenced. The Pennsylvania Superior Court denied this claim because Pitt never objected during the plea colloquy, nor did he move to withdraw his guilty plea after sentencing, thereby waiving the claim on direct appeal. *Pitt*, 313 A.3d at 294-295; *Commonwealth v. Lincoln*, 72 A.3d 606, 609-610 (Pa. Super. 2013) ("a defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver.") (citations omitted). Counsel was not unreasonable for declining to raise a claim that was unavailable as a matter of law.

Nor was Petitioner prejudiced by his counsel's course of action. Although Pitt stated in the Superior Court's evidentiary hearing that he would have changed his decision to plead guilty had he known about the $10,000 restitution requirement, the Superior Court found Pitt's

5

representation incredible, given that if Pitt elected to go to trial, he could have faced life imprisonment without parole and exorbitantly higher fines. Absent clear and convincing evidence to the contrary, I am bound by the Superior Court's credibility determination and agree that Pitt was not prejudiced by counsel's purported failure to clearly inform him of the $10,000 restitution payment. *Werts*, 228 F.3d at 203 (citing *Strickland*, 466 U.S. at 694) (to establish prejudice, "the defendant must show that there is a reasonable probability" that but for counsel's choices, "the result of the proceeding would have been different").

I agree with the Superior Court that counsel here was not ineffective on this basis. I will therefore deny habeas relief on this claim.

### B. The Pennsylvania Superior Court Reasonably Rejected Count II.

In Count II of his petition, Mr. Pitt argues that his trial and direct appeal counsel were ineffective for failing to challenge the third-degree murder statute as unconstitutionally vague. When presented with the same question below, the Superior Court held that the third-degree murder statute is not unconstitutionally vague, and that Petitioner's counsel was not ineffective for declining to raise a meritless argument. In so doing, it did not contradict or misapply federal law.

To withstand a constitutional test, a criminal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited," and must do so "in a manner that does not encourage arbitrary and discriminatory enforcement." *Commonwealth v. Kakhankham*, 132 A.3d 986, 991 (Pa. Super. 2015) (citing *Kolender v. Lawson*, 461 U.S. 352, 358 (1983)). A statute will not be declared unconstitutionally vague simply because the legislature could have chosen even clearer and more precise language. *Commonwealth v. Heinbaugh*, 354 A.2d 244, 246 (Pa. 1976) (citing *United States v. Powell*, 423 U.S. 87, 94 (1975)).

Under Pennsylvania criminal law, first degree murder is defined as the intentional killing of another. 18 Pa.C.S. § 2502(a). Second degree murder is when the defendant kills another while engaged as a principal or an accomplice in the perpetration of a felony. *Id*. § 2502(b). And at issue here, third degree murder is "all other kinds of murder" that do not fall under the definition of first-degree murder or second-degree murder. *Id*. § 2502(c).

The Pennsylvania Superior Court correctly held that Pitt could not have prevailed on his argument that § 2502(c) is unconstitutionally vague. *Pitt*, 313 A.3d at 297. By way of preliminary observation, an ordinary person certainly comprehends that killing – in this case by stabbing – is unlawful behavior. The Superior Court reasoned that § 2502 can be understood by the ordinary person, as the statute clearly prohibits murder and classifies third degree murder as a "criminal homicide that was neither an intentional killing nor committed while the defendant was engaged as a principal or accomplice in the perpetration of a felony." *Id*. (citations omitted). The United States Supreme Court has observed that in a vagueness challenge, the more critical question is whether an offense is sufficiently defined to avoid arbitrary enforcement. *Kolender*, 461 U.S. at 358. As to that concern, the Superior Court explained that under Pennsylvania law the requirement of malice must be met to convict a defendant of third-degree murder. *Commonwealth v. McGuire*, 409 A.2d 313, 315-316 (Pa. 1979); *Commonwealth v. Ludwig*, 874 A.2d 623, 630 (Pa. 2005). The need to prove malice prevents prosecutors from sweeping into § 2502(c) lesser offenses not warranting a charge of murder.

The Superior Court's analysis comports with federal law and supports the conclusion that counsel cannot be deemed ineffective for declining to raise a meritless argument.

7

**IV.     Conclusion**

For the reasons set forth above, Petitioner's habeas petition will be dismissed without a certificate of appealability.  An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge
